DELAWARE, L. & W. R. CO. v. MEARES.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 23.

MASTER AND SERVANT ⬅═⮞286(27)—INJURIES TO SERVANT—ACTIONS—JURY QUESTION.

The question of the negligence of defendant in allowing one of its ferryboats to strike a rack adjacent to a shed, from which a servant was thrown and killed, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig.* § 1032; Dec. Dig. ⬅═⮞286(27).]

In Error to the District Court of the United States for the Eastern District of New York.

Action by Bridget Meares, as administratrix, etc., against the Delaware, Lackawanna & Western Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

W. S. Jenney and A. J. McMahon, both of New York City, for plaintiff in error.

George F. Hickey, of New York City, for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The plaintiff's intestate was killed by being thrown from a shed belonging to the New York Central Railroad Company while he was engaged in repairing the roof. The negligence of the defendant and of the plaintiff's intestate were questions of fact for the jury and were submitted in a charge of unusual clearness and ability. The testimony clearly pointed to defendant as the negligent party in permitting one of its ferryboats to strike the rack next to the shed upon which the deceased was employed. No other cause for the fall from the roof is shown and the jar of the colliding ferryboat was amply sufficient to cause the fall. There can be no doubt that those navigating the ferryboat could see the men working on the roof of the Central Railroad's pier when approaching it from the river. The photograph, Exhibit B, showing a ferryboat approaching the pier demonstrates this proposition beyond the peradventure of a doubt. Indeed, the master of the Elmira admits that he saw men working on the roof of the New York Central pier. Knowing this and knowing also that his boat might strike the rack with such force as to jar the shed, he gave no warning signal of his approach. Without adequate warning he came on with unusual speed and struck the rack a severe blow which was sufficient to account for the fall from the shed and the death of the plaintiff's intestate.

The question of the defendant's negligence and of the contributory negligence of the plaintiff's intestate were clearly for the jury. There being ample evidence to sustain the verdict reached, we would not be justified in setting it aside.

The judgment is affirmed with costs.

⬅═⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes